(116 App. Div. 829)

### TREGNER v. HAZEN.

(Supreme Court, Appellate Division, Second Department. January 18, 1907.)

FRAUD—ELEMENTS—INJURY.

An agent of a publisher is not entitled to recover for false representations by the publisher in procuring the contract of employment that he had for many years done probably the largest business in the United States, in the absence of proof of any damage from the misrepresentation.

Appeal from Trial Term, Kings County.

Action by August J. Tregner against Marshman W. Hazen. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, RICH, and MILLER, JJ.

James A. Allen, for appellant.
David W. Rockmore, for respondent.

MILLER, J. On the 10th day of May, 1902, the plaintiff entered into a contract with the defendant, a publisher, pursuant to which he agreed to act as a general selling agent of the defendant in the state of Iowa. The defendant was to furnish the plaintiff an office at Des Moines, Iowa, and to pay him a monthly salary, together with the expenses of the business, and in addition a commission on the net sales made through solicitors and agents employed by him. The payment of said salary and expenses, however, was conditioned upon a stipulated amount of business which the plaintiff was required to do in order to fulfill his contract. The plaintiff was required by said contract to, and did, order and pay for books of the net value of $800, and it was agreed that upon the termination of the agency the defendant should repurchase any books which the plaintiff might then have on hand, at the prices originally paid. For some reason the plaintiff was not successful, and he claims that he was induced by fraud to enter into the agreement. He did not return or offer to return the books which he received pursuant to the contract and for which he paid said sum of $800. The first difficulty encountered upon an examination of this record is to know whether the action is one to recover back the money paid on a rescission of the contract for fraud, or one to recover damages for the fraud. The allegations of the complaint are appropriate to the former action. No attempt whatever was made to prove damages, and the case was submitted to the jury in a charge more appropriate to the former action than to the latter, although from a remark of the court in response to an exception taken by the defendant it would seem that the court was of the opinion that the case had gone to the jury as an action to recover damages for false representations.

Upon this appeal the appellant argues that the plaintiff cannot have damages for the fraud, as he has treated the contract as having been rescinded, while the respondent insists that there was no actual rescission of the contract, and that the cause of action established was for damages for fraud. I think we may adopt the plaintiff's own view of the nature of his cause of action, particularly as he could not maintain an action to recover back the money paid on the theory of rescission without first having returned or offered to return the books received by him. The fraud complained of consisted of alleged false representations that the defendant had "for many years done probably the largest business in the United States, putting on the market many unique and valuable publications," and alleged false promises to pay the plaintiff the salary, expenses, and commission hereinbefore referred to. While the case was tried and submitted to the jury apparently on the theory that broken promises as well as misstatements of fact could be made the basis of an action for fraud, I shall not discuss the proposition that the plaintiff could recover in this action, if at all, only upon the alleged representation first quoted, supra. In that portion of the complaint containing the necessary allegation of reliance

by the plaintiff upon the representation made, he alleged that he relied on the correspondence containing such representations. It was not claimed that said representation was made by the defendant personally, but by his agent, with whom the plaintiff had some negotiations preliminary to negotiating directly with the defendant. One of the letters of said agent did contain a statement that:

"The M. W. Hazen Company * * * in their special lines have for many years done probably the largest business in the United States, putting on the market many unique and valuable publications."

There was no attempt made to prove the falsity of this representation, but the plaintiff was permitted, over objection, to testify to an oral representation made by said agent exactly like that last quoted, with the omission of the words "in their special lines." It was conceded that the defendant was not doing the largest publishing business in the United States. After the plaintiff had enumerated at the request of the defendant's counsel the representations on which he relied without referring in any way to the one under discussion, he did on redirect examination, in answer to a leading question of his counsel, say that he relied on said representation, but a reading of this record has convinced me that said representation had not the slightest influence in inducing the plaintiff to make the contract; but assuming that there was sufficient evidence to go to the jury upon that question, and that the representation was of that character as, if untrue, would furnish the basis of an action for fraud, and overlooking the fact that the representation proven was oral while the complaint, if it did not in terms allege that it was written, is at least open to the charge of duplicity as leading the defendant so to believe, it is plain that the plaintiff cannot maintain the action for damages for fraud without proof of some damage.

This record suggests no reason to think that the plaintiff would have succeeded any better if the representation relied on had been true. Much less does it show to what extent the failure was due to the alleged fraud. The cause of the failure is left entirely to speculation, except as it may be inferred from the revelation of the plaintiff himself by his own letters. The mere fact that one party has been guilty of wrongdoing does not give the other a cause of action for damages unless as the result of such wrongdoing he has sustained damages. Hutchins v. Hutchins, 7 Hill, 104; Deobold v. Oppermann, 111 N. Y. 531–542, 19 N. E. 94, 2 L. R. A. 644, 7 Am. St. Rep. 760; Jex v. Straus, 122 N. Y. 293, 25 N. E. 478. If the defendant's agent lied to the plaintiff, as the latter claims, it is possible, if such falsehood had been relied upon by the plaintiff, that it might have furnished sufficient ground for the rescission of the contract and the recovery of the money paid, but this question we need not now decide. It is sufficient now to hold that the plaintiff has proven no damages resulting from the alleged fraud.

The defendant's motion for a nonsuit should, therefore, have been granted, and the judgment must be reversed and a new trial granted, costs to abide the event. All concur.