(158 App. Div. 435.)

## COHEN v. KOHLER.

(Supreme Court, Appellate Division, Second Department.   October 3, 1913.)

1. FRAUD (§ 47*)—ACTIONS FOR DAMAGES—PLEADING—NECESSITY OF ALLEGING DAMAGE.

In an action for damages from false representations, it is unnecessary to plead facts showing damage which necessarily and naturally flowed from the representation; but, where damages do not necessarily and naturally flow therefrom, additional facts showing damage must be pleaded.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

2. FRAUD (§ 47*)—ACTION FOR DAMAGES—PLEADING—NECESSITY OF ALLEGING DAMAGE.

In an action for damages for falsely representing that a corporation in which plaintiff owns stock was not a paying proposition, in reliance on which representation she sold the stock to defendant, a complaint which failed to allege the value of the stock, or that it was worth more than she received for it, was insufficient, as failing to show any damage from the false representation.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

3. PLEADING (§ 403*)—CURE BY SUBSEQUENT PLEADING.

In testing the sufficiency of a complaint, the answer cannot be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

Appeal from Trial Term, Queens County.

Action by Mabel Cohen against John F. Kohler.   From a judgment in favor of defendant, plaintiff appeals.   Affirmed.

See, also, 141 N. Y. Supp. 1113.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

H. Irwin Keenan, of New York City, for appellant.

John Burlinson Coleman, of New York City, for respondent.

BURR, J.   [1] The only representation of a fact which is alleged to be false is that the New York Pie Baking Company was not, at the date of the sale of plaintiff's stock, a "paying proposition."   This is exceedingly general, but for purposes of a demurrer, within the authorities cited, it may be. sufficient.   If any damage necessarily and naturally flowed from this, it would be unnecessary to plead facts showing the damage.   Thus in Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427, the injury complained of was the diversion of water.   The law would presume some damage naturally and necessarily to flow from this, and the fact that the complaint did not demand the precise damages to which plaintiff was entitled, or that he mistook the true rule of damages, would not make it demurrable.   The general rule is that, where some damages do not necessarily and naturally flow from a false representation, additional facts showing damage must be pleaded.   Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

360, 49 Am. St. Rep. 651; Aron v. De Castro, 13 N. Y. Supp. 372,[1] affirmed 131 N. Y. 648, 30 N. E. 491;[2] Tregner v. Hazen, 116 App. Div. 829, 102 N. Y. Supp. 139.

[2] Notwithstanding that the New York Pie Baking Company was a paying proposition, and notwithstanding that defendant falsely stated and represented to plaintiff that it was not, and notwithstanding that plaintiff believed such representation and sold her stock on account thereof, if as matter of fact she received for it all that it was actually worth, no damage has resulted to her. It does not appear from the complaint what the stock was worth. For anything that appears therein, she may have received for it more than it was worth, if the Pie Baking Company had been a paying concern.

[3] The answer, to which, of course, we cannot refer for the purpose of testing the sufficiency of the complaint, shows that she received 150 for her stock. We may refer to this by way of argument and illustration, as showing the necessity of alleging that the stock was actually worth more than she was paid for it. Isman v. Loring, 130 App. Div. 845, 115 N. Y. Supp. 933, is not an authority to the contrary. The real gravamen of that action as set up in the complaint was that plaintiff was induced to enter into a contract with defendant to purchase certain land for $5,000 in excess of the bid or offer made to defendant by a certain railroad company, and that defendant falsely represented that said company had offered $70,000 for the land; whereas, as matter of fact, it had offered but $55,000, and that plaintiff, relying upon that representation, paid $75,000 for the land, and was damaged to the extent of $15,000. The question in that case was, not what the land was actually worth, but what the plaintiff was induced to pay for it by the false representation of defendant. There may be in the opinion in that case some statements in general language as to the necessity of pleading facts showing damage, but the language must be controlled by the facts in the case. As Judge Patterson says at the close of his opinion:

"It sufficiently appears by necessary inference from this complaint that the defendant agreed to sell the property upon the basis stated in the complaint, namely, $5,000 over and above an amount actually offered by the railroad company."

Defendant did not keep this agreement. By falsely representing the amount which the railroad company had offered to pay, he induced plaintiff to pay him an additional $15,000.

The judgment must be affirmed, with costs. All concur.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 623.

[2] Reported in full in the Northeastern Reporter; reported as a memorandum decision without opinion in the New York Reports.