Per Curiam.

The complaint herein set forth two causes of action. The first was to recover damages for fraud in misrepresenting the buyer’s solvency in connection with the sale of certain sweaters. The second was to recover like damages based on the alleged fraudulent scheme of defendant to transfer all of his assets to a corporation immediately after the sale and before payment became due. The case was submitted to the *375 jury solely as one in fraud. Nevertheless, the trial court charged the jury that if plaintiff was entitled to recover he must be awarded the agreed selling price of the goods.
In an action for damages for fraud, the measure of damage would be plaintiff’s actual pecuniary loss which in this instance would be the value of the goods rather than the agreed price, as any element of profit would be excluded (Reno v. Bull, 226 N. Y. 546; Sager v. Friedman, 270 N. Y. 472; Bower v. Palmer, 281 N. Y. 341).
Assuming that there was prima facie proof of fraud, this error with respect to the measure of damages requires a reversal of the determination of the Appellate Term and of the judgment of the City Court, and a new trial, with costs to the appellant to abide the event.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Determination of Appellate Term, and judgment of City Court unanimously reversed, and a new trial ordered, with costs to appellant to abide the event.