In an action to recover damages, alleged to have resulted from fraud and deceit on the part of defendants, which induced plaintiff to enter into a contract for the purchase of real property, appellant moved to dismiss plaintiff’s complaint as insufficient, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice; to dismiss the second cause of action pleaded in the complaint, on the ground that the agreement upon which that cause of action is founded is unenforeible under the Statute of Frauds (Beal Property Law, § 259), and to compel plaintiff to serve an amended complaint, pursuant to rule 102 of the Rules of Civil Practice, on the ground that the allegations of the complaint were indefinite and uncertain. The motion was denied in its entirety. Order denying appellant’s motion to dismiss the complaint pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. The complaint is unduly repetitious (Civ. Prac. Act, § 241); and it is impossible to determine therefrom whether plaintiff seeks the return of the consideration paid and damages upon a prior rescission of the contract, or seeks damages resulting from defendants’ deceit, upon an affirmance of the contract. Under such circumstances, if the complaint had stated any cause of action, the motion pursuant to rule 102, to make it more definite and certain should have been granted. (Sorenson v. Keesey Hosiery Co., 244 N. Y. 73, 77; Neftel v. Lightstone, 77 N. Y. 96.) However, it is our opinion that the complaint fails to state any cause of action. If plaintiff seeks the return of the consideration paid and damages recoverable in an action based upon a prior rescission (cf. Weigel V. Cook, 237 N. Y. 136, and Civ. Prac. Act, § 112-e), the complaint is defective for failure to allege that the contract has been rescinded. (Cf. Heekscher v. Edenborn, 203 N. Y. 210, 220; Vail v. Reynolds, 118 N. Y. 297, and Hedges v. Pioneer Iron Works, 166 App. Div. 208.) If the action is for damages, upon an affirmance of the contract, the complaint is insufficient in that it does not plead facts from which it can be inferred that plaintiff has suffered any damage. No allegation of the complaint warrants the inference that the property which is the subject of the contract is worth less than the contract price. (Cf. Reno v. Bull, 226 N. Y. 546; Hrtz v. New York Central é H. R. R. R. Co., 202 N. Y. 170; Cohen v. Kohler, 158 App. Div. 435, and Hellerman v. Weinbrot, 276 App. Div. 763.) Plaintiff may plead over, if so advised, within ten days from the entry of the order hereon. Nolan, P. J., Johnston, Adel, Wenzel and MaeCrate, JJ., concur.