TOWERS REALTY CORP., Appellant-Respondent, *v.* ABRAHAM FOX, Respondent-Appellant.

First Department, March 27, 1951.

*Irving Moldauer* of counsel (*Eli Fishbein* with him on the brief; *Irving Moldauer*, attorney), for appellant-respondent.

*Sylvan D. Freeman* of counsel (*Max Hauser* with him on the brief; *Dreyer and Traub*, attorneys), for respondent-appellant.

*Per Curiam.* The first cause of action contains all of the allegations essential to an action for misrepresentation and fraud in the inducement of the contract. While the measure of damages sought may have been improper, that does not invalidate the cause of action itself. (See *Reno* v. *Bull*, 226 N. Y. 546.)

It is urged, however, that the misrepresentation, if any, was waived by the plaintiff when it closed title with full knowledge of the alleged fraud. This might be true if the contract were wholly executory. Where as here, however, there is partial performance under the contract, a continuance of performance thereunder may not as a matter of law be construed as a waiver of the fraud. This court, in *422 W. 15th St., Inc.*, v. *Estate of Johnson* (258 App. Div. 227) held " Where, as here, the executory contract is partly performed, we think the facts alleged sufficiently state a cause of action against defendant for fraud in the inducement of the contract * * * Affirmance of the contract is not necessarily affirmance and ratification of the fraud inducing it. Waiver of the cause of action for inducing the contract by fraud is a matter of intention, and an issue of fact to be established on trial."

The order appealed from should be modified by reversing (on plaintiff's appeal) so much of said order as granted defendant's motion to dismiss the first cause of action for legal insufficiency, and denying said motion and, as so modified, the said order should be affirmed, with $20 costs and disbursements to the plaintiff.

GLENNON, J. P., COHN, VAN VOORHIS, SHIENTAG and HEFFERNAN, JJ., concur.

Order unanimously modified by reversing (on plaintiff's appeal) so much of said order as granted defendant's motion to dismiss the first cause of action for legal insufficiency, and denying said motion and, as so modified, said order is affirmed, with $20 costs and disbursements to the plaintiff. Settle order on notice.