FRED J. YANKOCY, Appellant, *v.* JOHN A. HEINRICH, Respondent.

First Department, June 17, 1952.

*Benedict Ginsberg* of counsel (*Michael M. Platzman* with him on the brief; *Benedict Ginsberg,* attorney), for appellant.

*Morris Galitzer* of counsel (*Frederic P. Gage* with him on the brief; *Schrenkeisen, Kettner & Gage,* attorneys), for respondent.

*Per Curiam.* On the testimony adduced in this record, oral and documentary, the plaintiff proved a prima facie case and the court should not have dismissed the complaint at the close of plaintiff's case in a trial before the court and a jury. The issues were issues of fact and not of law involving in part issues relating to credibility and the real factual relationship of the parties as distinguished from the form thereof. Even if, assuming but not deciding, that the measure of damages sought may not have been proper, that does not invalidate the cause of action alleged and established at least prima facie (*Towers Realty Corp.* v. *Fox,* 278 App. Div. 74, 75 [1st Dept., March 27, 1951]). The issues were for the jury on a proper charge.

The judgment appealed from directing a verdict in defendant's favor and dismissing the complaint at the close of plaintiff's case should be reversed and a new trial granted, with costs to abide the event.

VAN VOORHIS, J. (dissenting). Fraud is a serious charge. It is not presumed, may not rest on supposition or conjecture, and must be established by clear and convincing proof (*Lowendahl* v. *Baltimore & Ohio R. R. Co.*, 247 App. Div. 144, 158; *Lynch* v. *Gibson*, 254 App. Div. 47, affd. 279 N. Y. 634; *Benz* v. *Kaderbeck*, 241 App. Div. 583; *Shotwell* v. *Dixon*, 163 N. Y. 43, 52–53; *Uhlmann* v. *Hammons*, 74 N. Y. S. 2d 66 [HOFSTADTER, J.]). The sole charge against defendant in this complaint is that he induced plaintiff to sell corporate stock to defendant by fraudulently misrepresenting that its book value was $25 per share, whereas it " had an actual value of at least $107.71 per share."

Assuming that the complaint intended to allege actual book value in the latter amount, the evidence falls short of establishing a prima facie case. Plaintiff was not a stranger to the situation. Although he claims to have been ignorant of the book value, yet for eleven years prior to the sale he had been an executive, and for the last three years president and a director of the same corporation at an annual salary of $14,000. The idea that he was unfamiliar with the book value of his own company's stock, improbable in itself, is completely refuted by the evidence that at the close of each fiscal year he circulated as president the annual report of the corporation, setting forth the balance sheet indicating a book value for each year in excess of $100 a share. As late as July, 1949, plaintiff received a copy of the balance sheet as of June 30, 1949, which showed the book value to be $104.29, immediately before the sale to defendant. On his own showing, plaintiff could hardly have been deceived by a representation by defendant that the book value was $25 per share.

It does not spell out a cause of action to contend that defendant dominated the corporation, and that plaintiff was so ignorant of business matters that he did not understand the balance sheet or the financial statements which he sent out as president for the benefit of corporate stockholders and creditors. It is impossible to conceive how the president of a corporation, sufficiently intelligent to earn an annual salary of $14,000, could fail to understand the purport of the company's statement, but, if he did not know how to read a financial statement, he could not have been misled if defendant stated it incorrectly in the negotiations.

Sales of property ought not to be subjected to the hazards of jury verdicts upon charges of fraud on such unsubstantial

evidence. The dismissal of the complaint by the trial court at the close of plaintiff's evidence was correct. The judgment should be affirmed.

DORE, J. P., CALLAHAN and BERGAN, JJ., concur in *Per Curiam* opinion; VAN VOORHIS, J., dissents and votes to affirm, in opinion in which COHN, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.