Louis Angelina, Appellant, *v.* Euclid Concrete Corp. et al., Respondents.

First Department, June 18, 1952.

*Harris Birnbaum* of counsel (*Heiko & Mutari,* attorneys), for appellant.

*Maurice Finkelstein* for respondents.

Bergan, J. The complaint pleads several causes of action based on an agreement between plaintiff and the corporate defendant under which plaintiff was to receive fees and a salary in connection with masonry construction work in which this defendant was engaged. The court at Special Term has stricken out the fourth cause of action for insufficiency on its face and we are concerned here with the question whether that cause is well pleaded.

It is alleged that the plaintiff and corporate defendant executed a written instrument which is attached to the complaint; that plaintiff was induced to sign the instrument because of mis-

representations of fact concerning the masonry construction, by the individual defendant as president of the corporation.

It is alleged also that the corporate president acted '' individually '' in these representations, but the complaint pleads generally that '' at all times and places herein mentioned '' (the complaint as a whole) the individual defendant was acting "for and in behalf of '' the corporation of which he was president. Generalized damages growing from all causes of action are sought against the corporate defendant in the sum of $38,195 and against the individual defendant in the sum of $35,000.

Following the allegations of fraud leading to plaintiff's inducement to sign the written agreement, as pleaded in the fourth cause, it is alleged that '' in the event the plaintiff is held by any Court of competent jurisdiction to be bound by and to '' the written contract, he will be damaged in the sum of $35,000.

This is merely saying that if a court holds the agreement good plaintiff will be damaged by its terms. But if the contract is a good contract, in the legal sense, that would be the end of the matter and the enforcement of the writing according to its terms would not be actionable.

Parties often sustain damage by their valid contractual undertakings, but it has never been supposed that damage lies against the other party to the contract in consequence of this; and what is a '' valid '' contract in the event of controversy is what a court acting with jurisdiction says it is. The theory tendered by plaintiff is not a cause for which relief at law exists.

It makes a fairly circuitous argument to suggest that the party who loses a lawsuit over the validity of a contract can recover from the successful party the damaging consequences of the judicial determination.

It is not argued by appellant here that there is any difference in theory between the liability of the president of the corporation who made the representations on behalf of the corporation and the corporation itself and, indeed, the unity of action and interest between the corporation and its president is manifest in the pleading; and if a court holds the contract good as between the parties to it, the plaintiff and the corporation, it is not actionable as against the corporate officers.

No equitable relief in the way of reformation, rescission or otherwise is sought by plaintiff. At common law agreements admittedly executed by the parties with due formality were enforced by law courts according to their terms quite without

regard to what the signatories to them may actually have intended and contracting parties formalized their agreements with this judicial policy well in mind. Intention which had not found formulation in the words used was treated as something quite irrelevant.

Even in a court which succeeded to equitable as well as legal powers, as has the New York Supreme Court, the court does not reach out to suggest to a party that he ought to ask for equitable relief if he does not choose it.

This cause of action was dismissed by a previous order at Special Term with permission to plead over. With merely the superficial alteration of words, the same cause was reasserted on amendment leading to the order of dismissal now here.

The order should be affirmed, with $20 costs and disbursements to respondents.

DORE, J. (dissenting). The fourth cause of action contains all the allegations essential to an action in fraud by defendant in inducement of the written contract annexed to the complaint. Plaintiff can recover in such cause of action only if he proves such allegations; if he does, the written contract will be held void for fraud and plaintiff will be damaged by the difference of the agreed percentage between the figure of the final cost, misrepresented in the written contract, and the true final cost as alleged in the complaint. It is true that in paragraph twentieth, plaintiff improperly states the measure of damages in the fourth cause of action and that paragraph is subject to the criticism made of it in the majority opinion. But as this court recently said in *Towers Realty Corp.* v. *Fox* (278 App. Div. 74, 75 [March, 1951]): "While the measure of damages sought may have been improper, that does not invalidate the cause of action itself."

Accordingly, I dissent and vote to reverse and deny the motion to dismiss the fourth cause of action for insufficiency.

PECK, P. J., and CALLAHAN, J., concur with BERGAN, J.; DORE, J., dissents and votes to reverse and deny the motion, in opinion.

Order, so far as appealed from, affirmed, with $20 costs and disbursements to respondents. [See *post*, p. 890.]