Benjamin Brenner, J.
Defendants move for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice upon the ground that the three causes of action set forth in the amended complaint are legally insufficient.
The first cause of action is one for fraud and deceit. It alleges in substance that defendant Mehadrin Dairy Corporation (hereinafter referred to as Mehadrin), in order to prevent competition in the sale of creamery products, fraudulently induced the plaintiff, by means of false representations, to break off separate negotiations with two named individuals for the sale to them of plaintiff’s fluid milk, and to enter instead into a written agreement with it, which said defendant had no intention of performing and did not in fact perform; that in the meantime defendant Mehadrin entered into agreements with the aforesaid individuals whereby the latter agreed not to purchase plaintiff’s product.
This constitutes an adequate pleading of a cause for fraud. It contains the essential allegations constituting an action for fraud and deceit, namely, representations, falsity, scienter, deception and injury (Ochs v. Woods, 221 N. Y. 335, 338). A false representation does not give rise to a cause of action unless reliance on a false representation results in injury Sager v. Friedman, 270 N. Y. 472, 479).
Defendants contend that plaintiff fails to plead the essential element of injury since plaintiff’s claimed damages, as set forth in his bill of particulars, are not the proper measure of actual damages sustained. I am unable to agree. If the complaint alleges facts from which general damage can be inferred it is not important to the validity of the cause of action even if plaintiff specifies the wrong measure of damages (Winter v. American Aniline Prods., 236 N. Y. 199; Towers Realty Corp. v. Fox, 278 App. Div. 74; Yankocy v. Heinrich, 280 App. Div. 307). Thus, if any damage necessarily and naturally flows from *169 the false representations, it is unnecessary to plead facts specifying the damage (Cohen v. Kohler, 158 App. Div. 435). General damage can be inferred as flowing from Mehadrin’s representations if they induced plaintiff’s agreement and, in effect, prevented conclusion of agreements to sell to the individuals with whom he had previously been negotiating. Moreover, the particulars as to damages set forth in plaintiff’s bill of particulars recite an added element of damages, namely, plaintiff’s purchase of additional cows and bulk tanks. These added items constitute compensable damages since they involve some pecuniary loss. The first cause of action is therefore sufficient.
The second cause of action is one for conspiracy. It alleges that defendants fraudulently conspired to induce plaintiff to extend defendant Mehadrin’s time to select a creamery, to enable said defendant to obtain from the individuals with whom plaintiff had been negotiating their agreement not to purchase fluid milk from plaintiff; that in pursuance "of said conspiracy, defendant Kahal Dairy Co., Inc. (hereinafter referred to as Kahal) falsely represented to plaintiff that it would purchase from him the quantity of milk provided for under plaintiff’s agreement with defendant Mehadrin in the event defendant Mehadrin failed to select a creamery under the terms of the written agreement. The amended complaint thus alleges an overt act, namely, a false representation, in furtherance of the conspiracy. This in my view is an adequate pleading of conspiracy. A cause of action predicated on fraud and deceit may lie where a defendant misrepresents his intention to comply with the promises made so as to constitute a false statement of an existing material fact (Adams v. Gillig, 199 N. Y. 314). Incidentally, the contention that the bill of particulars contains an admission by plaintiff that Heisler was not authorized by the defendant to make the representations is inaccurate. The bill merely states that upon information and belief Heisler had no official connection with Kahal. This does not amount to the claimed admission since such authorization could conceivably have been given even though there was no official connection between Heisler and defendant Kahal. The second cause of action is also sufficient.
The third cause of action is one for breach of contract. Plaintiff alleges under this cause of action that he has 11 duly performed all of the terms and conditions on his part to be performed, except insofar as the same may have been prevented or waived by the defendant Mehadrin”. This is insufficient in that it fails to set . out the facts which constitute a waiver or which excuse performance (Brooklyn Heights R.R. v. Brook *170 lyn City R.R., 151 App. Div. 465, 490; Town of Potsdam v. Ætna Cas. & Sur. Co., 218 App. Div. 27; Todd v. Union Cas. & Sur. Co., 70 App. Div. 52).
The motion is accordingly denied with respect to the first and second causes of action, and granted as to the third cause of action, with leave to plaintiff to replead same within 10 days after service of a copy of an order to be entered herein with notice of entry thereof.
Settle order on notice.