James Leone, Respondent, v. Isadore G. Rose, Appellant.

Fourth Department, May 5, 1960.

*Michaels, Port & Cuddy (Edmund Port* of counsel), for appellant.

*Paul Magill* for respondent.

*Per Curiam.* In an action for damages for fraudulent misrepresentation which plaintiff claimed induced him to purchase certain machines and equipment, defendant appeals from a judgment for plaintiff entered upon the verdict of a jury. Plaintiff alleged that defendant informed him that he had purchased the assets in question for $60,000 and offered plaintiff a one-third interest in them for $20,000. Plaintiff further asserts that relying on defendant's representation that he had paid $60,000 for the machines and on his representation that this was a bargain price, he accepted the offer, paid defendant $14,268 in cash or material and executed a promissory note for the balance. Pursuant to their agreement, the parties formed a corporation to manufacture products with the machinery, title to which defendant transferred to the new enterprise. Shortly thereafter, defendant withdrew from the business, cancelled a note due him from the corporation, forgave plaintiff's unpaid note for part purchase price, transferred his shares in the corporation to the plaintiff without further payment and released plaintiff and the corporation from all obligations to him. Plaintiff contends that he then discovered that defendant had in fact paid only $5,000 for all the assets and had grossly misrepresented their cost and value.

The issues of fraudulent misrepresentation of defendant's cost of the equipment and plaintiff's reliance thereon were properly submitted to the jury which found a verdict for the plaintiff for $10,000. This amount cannot be arrived at by any analysis and review of the evidence. This verdict resulted from the failure of the court to charge the correct rule of law dealing with the measure of damages.

In cases of fraudulent misrepresentation the measure of damages is the difference between the value of the thing received and its purchase price. As stated in *Sager* v. *Friedman* (270 N. Y. 472, 481): " the injury is the inducement to make a contact which otherwise would not have been made, and the measure of damages is indemnity for loss suffered through that inducement. From such damages ' all elements of profit are excluded. The true measure of damage is indemnity for the actual pecuniary loss sustained as a direct result of the wrong,' *i.e.,* the difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain.

(*Reno* v. *Bull,* 226 N. Y. 546, 553.) '' (See, also, *Urtz* v. *New York Cent. & Hudson Riv. R. R. Co.,* 202 N. Y. 170, 174; *Hanlon* v. *Macfadden Pubs.,* 302 N. Y. 502, 510; Restatement, Torts, § 549; 5 Williston, Contracts [rev. ed.], § 1392; 1 Clark, New York Law of Damages, § 428.) There is virtually no evidence in the record which would show the value of the assets at the time that plaintiff was induced to enter into the transaction.

Further, the Trial Justice rejected defendant's effort to prove valuation by showing that plaintiff had recouped part or all of his alleged loss by selling some of his shares of stock in the business just a few months after he had entered into the original transaction with the defendant. The circumstances surrounding this sale may have a significant bearing on the value of plaintiff's original purchase and, if so, should have been admitted to determine plaintiff's pecuniary loss.

Defendant, while failing to except to that portion of the charge dealing with damages, did adequately apprise the court of the deficiency in the charge by requesting the court to charge '' that if the plaintiff failed to establish * * * that a one-third interest in the assets was worth less than the amount which he paid for them, then he has proven no damages, and the verdict should be one of no cause of action.'' Although this request could have been more clearly stated, it was sufficient to alert the court to the need for a charge setting forth the correct formula dealing with the measure of damages. (See *Hicks* v. *Erie R. R. Co.,* 10 A D 2d 795.)

The failure to charge properly the measure of damages requires a new trial.

Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.