■ KRATTER CORPORATION, Respondent, v. SAMUEL GRAD, Appellant.—

Concur — Rabin, J. P., Valente and Stevens, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by McNally, J.: I dissent. The order, entered on June 27, 1961, denying defendant's motion to dismiss the third cause of action of the amended complaint, should be reversed and the motion granted with leave to serve a second amended complaint. The third cause of action affirms the contract and is grounded in fraud inducing the contract. It supports a claim for damages limited to indemnity for the loss sustained thereby, which is the difference between the bargain induced and the consideration exacted. (*Sager* v. *Friedman,* 270 N. Y. 472, 481; *Reno* v. *Bull,* 226 N. Y. 546, 553.) The plaintiff's contractual rights in respect of the collateral do not serve to enlarge the damages to which it is entitled; they are part of the bargain induced. Although the allegation of an improper measure of damages does not invalidate the cause of action (*Towers Realty Corp.* v. *Fox,* 278 App. Div. 74), where, as here, alternative remedies are sought, to avoid prejudice, an amended complaint is indicated.

■ JOHN J. McCLOSKEY, as Sheriff of the City of New York, et al., Appellants, v. CHASE MANHATTAN BANK, Respondent.—

No opinion. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of MARTIN O'DOWD CO., INC., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.—

Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.