Alberto GALVEZ, Plaintiff,

v.

**LOCAL 804 WELFARE TRUST FUND
and Pat Pagnanella, Defendants.**

**No. 81 CV 1018.**

United States District Court,
E. D. New York.

July 8, 1982.

Kresky, Sinawski & Hollenberg by Harry Kresky, New York City, for plaintiff.

Cohen, Weiss & Simon by Jani K. Rachelson, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action is before the Court on defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). Asserting jurisdiction under 28 U.S.C. §§ 1331 and 1332, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the complaint seeks declaratory, injunctive and monetary relief from alleged deprivation of plaintiff's right to a retirement pension. Taking as true the allegations of the complaint, the material facts are as follows.

Plaintiff Alberto Galvez was a member of Local 804 of the International Brotherhood

of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 804") from 1973 until his retirement in 1979, during which time he was employed with International Crating and Container Corp. ("International") under its collective bargaining agreement with Local 804. For the six previous years, plaintiff had been a member of Local 102 of the Teamsters union. Defendant Local 804 Welfare Trust Fund ("the Fund") is the pension trust fund of Local 804. Defendant Pat Pagnanella is a union representative and business agent of Local 804.

In 1979 Galvez retired at age 65 in reliance upon Pagnanella's oral statement in November 1975 that Galvez would be entitled to a pension at such time. By letter dated April 3, 1979, the Administrator of the Fund notified Galvez that his application for a pension was denied on the ground that he had accumulated only 4¼ years of pension credits. Galvez would have qualified for the ERISA pension had he continued working for International until 1983, and he would not have retired in 1979 had he known that the Fund would deny his claim. Returning to International and rejoining Local 804 at the present time would be fruitless because of the union's "break in service" rules.

Alleging that Pagnanella's "knowing misrepresentation" deprived plaintiff of his pension and the opportunity to make alternative retirement plans, the complaint states that Pagnanella held a position in the union "of obvious authority," and that plaintiff "reasonably relied on defendant's statements to his detriment." Significantly, plaintiff does not dispute his ineligibility for benefits under the rules governing the Fund, nor does he contest the validity or applicability of those rules. Thus, his claims reduce essentially to two: first, that the Fund is estopped from denying the effect of Pagnanella's 1975 statement and must grant plaintiff pension benefits notwithstanding his ineligibility; and second, that Pagnanella is liable for plaintiff's pecuniary loss caused by Galvez' justifiable reliance upon defendant's intentional misrepresentation.

Of underlying significance to the instant controversy is the universal judicial reluctance to apply the estoppel doctrine for the benefit of a pension participant who does not satisfy the statutorily required eligibility rules. See, *e.g., Haeberle v. Board of Trustees*, 624 F.2d 1132, 1139–40 (2d Cir. 1980); *Reiherzer v. Shannon*, 581 F.2d 1266, 1267, n.1 (7th Cir. 1978); *Phillips v. Kennedy*, 542 F.2d 52, 55, n.8 (8th Cir. 1976); *Thurber v. Western Conference of Teamsters' Pension Plan*, 542 F.2d 1106, 1108–09 (9th Cir. 1976) (*per curiam*). Yet beyond doctrinal barriers, plaintiff has simply failed to state a cognizable claim under fundamental estoppel principles.

■ A party seeking to invoke the doctrine of estoppel must plead and prove each of the essential elements: (1) a representation of fact made to plaintiff; (2) rightful reliance thereon; and (3) injury or damage to plaintiff resulting from denial by the party making the representation. See *Haeberle v. Board of Trustees, supra*. Since estoppel can only operate against the party making the representation, plaintiff's failure to allege Pagnanella's authority to speak for the Fund justifies judgment for the latter as a matter of law. The complaint contains no facts which indicate Pagnanella's express, implied or apparent authority to act for the Fund or which suggest a binding relationship between Pagnanella, a union business agent, and the Fund; nor could it, because pension trust funds organized under ERISA or LMRA constitute entities separate from and independent of the union. See, *e.g., Huge v. Overly*, 445 F.Supp. 946, 947 (W.D.Pa.1978).

■ Further, without passing on the "reasonableness" of plaintiff's reliance for four years on a single, unverified oral statement by a union representative who had no authority to determine Fund disbursement, see generally, *Knoll v. Phoenix Steel Corp.*, 465 F.2d 1128, 1132 (3rd Cir. 1972), *cert. denied*, 409 U.S. 1126, 93 S.Ct. 941, 35 L.Ed.2d 257 (1973), the Court notes a further deficiency in the complaint, *viz.*, the failure to allege injury to plaintiff resulting

from the Fund's denial of his application. No facts appear in the complaint which indicate that in 1979, when Galvez received notice of his ineligibility, he could not have returned to work, acquired the necessary pension credits and cured his change of position in reliance on Pagnanella's statement. Instead, plaintiff alleges that his injury became irreparable two years subsequent to the notification. Complaint ¶ 12. Absent factual allegations that a representation by the Fund or its agents, rather than Galvez' informed decision after full disclosure of the relevant facts, caused plaintiff's detrimental change in position, a claim for estoppel cannot lie.

 Turning to plaintiff's claim against Pagnanella individually, based on diversity jurisdiction, the complaint seeks damages in the amount of $5,400 for plaintiff's loss of pension benefits to date. Paragraph 9 of the complaint sets forth the substance of Pagnanella's alleged misrepresentation: "In essence Mr. Pagnanella stated to Mr. Galvez that he would be entitled to his pension when he attained age 65." Although the Court has doubts as to the sufficiency of the pleading under F.R.Civ.P. 9(b), several more fundamental reasons compel dismissal of this claim. First, an essential element of an action for fraud or deceit is a representation as to a past or present fact, not as to what will be done in the future. *Adams v. Clark*, 239 N.Y. 403, 146 N.E. 642 (1925). Second, *at the time* the fact was stated, it must have been untrue, and the speaker must have had knowledge of its falsity. *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931). Third, actionable deceit requires actual intent to deceive, *Hadcock v. Osmer*, 153 N.Y. 604, 47 N.E. 923 (1897), but nowhere in the complaint appears even a general averment of Pagnanella's intention to defraud or deceive plaintiff. Fourth, to sustain a cause of action for fraud, reliance on the misrepresentation must result in injury. *Sager v. Friedman*, 270 N.Y. 472, 1 N.E.2d 971 (1936). Yet, as discussed above, plaintiff's injury is alleged to have been caused not by his reliance on defendant's statement, but by his continued retirement notwithstanding his known ineligibility for pension benefits.

Accordingly, since the complaint does not contain the essential elements of a cause of action for either estoppel or fraud, defendants' motion is granted.

SO ORDERED.

The Clerk of the Court is directed to enter judgment for defendants, dismissing the complaint, and to forward copies of this Memorandum and Order to counsel for the parties.