THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant, v. ALBERT F. PECKETT, Defendant, Impleaded with CHARLES J. SWANHOLM, Respondent.

First Department, March 18, 1927.

Liens — garage keeper's lien under Lien Law, § 184 — four motor trucks subject to chattel mortgage were replevied by assignee of chattel mortgagee — three trucks were seized outside of garage — personal judgment for amount claimed by garage keeper cannot be rendered against assignee of chattel mortgagee — garage keeper's rights are limited to lien — lien under Lien Law, § 184, is specific and not general and items chargeable to each truck must be segregated.

This is an action in replevin by the assignee of a chattel mortgagee of four motor trucks. The respondent, a garage keeper, has interposed a special defense in which he asserts a lien on the trucks under section 184 of the Lien Law. Three of the trucks were seized while they were away from the garage, but it appears that the garage keeper had given his consent to the owner to use the trucks on condition that they be returned to the garage.

A personal judgment against the plaintiff for the amount of the alleged lien cannot be sustained for the only right that the garage keeper has is to enforce his lien, if any exists, and the chattel mortgagee is not personally liable for the amount thereof.

The garage keeper has failed, however, to establish a lien. The lien given under section 184 of the Lien Law is specific and not general and, therefore, it was essential that the garage keeper segregate the different items of materials and labor chargeable against each particular truck. This he did not do and, therefore, can claim no lien against all the trucks.

McAVOY and MARTIN, JJ., dissent in part, with opinion.

APPEAL by the plaintiff, The Fidelity and Casualty Company of New York, from a judgment of the Supreme Court in favor of the defendant Charles J. Swanholm, entered in the office of the clerk of the county of New York on the 19th day of May, 1926, upon the verdict of a jury rendered by direction of the court pursuant to a stipulation that the case be tried before the court without a jury and that the verdict be directed with the same force and effect as though a jury were present.

*Emanuel Goodman* of counsel [*Goodman & Werner*, attorneys], for the appellant.

*Max Sheinart* of counsel [*Harry W. Goldberg* with him on the brief], for the respondent.

PER CURIAM. We unanimously agree with the opinion of Mr. Justice McAvoy so far as it leads to the reversal of the personal judgment against the plaintiff. With respect to the question of the lien of the defendant Swanholm, however, the majority of the court are of opinion that such lien in order to be effective must be so established as to affect each specific car for which services were rendered or materials and supplies furnished. (See *N. Y. Yellow Cab Co. Sales Agency, Inc., v. Laurel Garage Co.,* 219 App. Div. 329.)

The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.; McAVOY and MARTIN, JJ., dissent in part.

McAVOY, J. (dissenting in part). I dissent from so much of the judgment about to be rendered as refuses to establish a lien on the four trucks in the defendant garage keeper's possession because no items of charges for storage, supplies, etc., are specifically allocated to each " such motor vehicle." My construction of the statute is that when the contract is entire and the vehicles are in a common ownership, the garage keeper may assert his lien on any one of the vehicles stored for services or supplies furnished to the entire number of vehicles which constitute the bailment.

The defendant Swanholm recovered a judgment in this case against the plaintiff for $1,198.93 under a special defense in a replevin action. The suit was brought to recover the possession

of four motor trucks. The facts are stipulated in the record. This stipulation states that a motor truck company sold to the defendant Peckett four trucks and took back a chattel mortgage on all of them. The chattel mortgages were assigned by the motor truck company to the plaintiff. These chattel mortgages provide, as usual, that the holder is authorized to seize the trucks and sell the same in case of a default and the whole indebtedness under each mortgage becomes due upon default under such mortgage. At the time the chattels were seized the defendant Peckett had defaulted in the payment of installments on each of the mortgages and there was a right of seizure pursuant to the terms thereof in the owner of the mortgages. When the writ of replevin was issued the sheriff seized one of the trucks on the corner, about 100 feet from the garage of the defendant Swanholm. Another truck was seized by the sheriff on the same corner; a third truck was on its way to the garage when the sheriff got on the truck, and the fourth truck was seized in the garage of the defendant Swanholm. The three trucks other than the one actually seized in the garage were at the time of the seizure in the possession of the employees of the defendant Peckett who was a truckman and took his trucks out in the morning with the consent of the garage keeper and on the day in question the garage keeper, Swanholm, had permitted Peckett to take out the trucks with the arrangement that they would be restored in the evening.

One of the trucks which was seized on its way to the garage had both the sheriff and Swanholm riding on it when it was driven into the garage.

Peckett defaulted in this action and defendant Swanholm set forth as a special defense a garage keeper's lien on all of the four trucks and asked that the complaint be dismissed and that a lien be declared in his behalf upon the trucks for the sum of $1,032.95 for storage and services rendered to the chattels while in his possession. This was the amount which was conceded would be testified to by Swanholm, if called, as the agreed price for the storage and services. It was also conceded that he would be unable to testify as to what proportion of this sum consisted of oil, gas or material sold to the car which was seized by the sheriff in the garage or supplied to the car which was taken into the garage after the sheriff and Swanholm had both boarded it.

The court at Special Term held that Swanholm, the defendant garage keeper, had a lien on all four trucks and entered a personal judgment in favor of the defendant Swanholm against this plaintiff, The Fidelity and Casualty Company of New York, for $1,198.93.

I think that this judgment against plaintiff personally cannot

be sustained.   Certainly the personal judgment was not justified either from any allegations in the defendant's pleadings or in the agreed statement of facts submitted to the learned court on the trial.   There was no contractual relationship existing between plaintiff and defendant.   They were strangers so far as this storage and supply contract was concerned.   Any rights that defendant might enforce are found in the Lien Law, section 184, establishing a garage keeper's lien for services to or storage of the automobiles. There is nothing in that section authorizing the entry of a personal judgment in an action by a mortgagee to recover chattels, in favor of a garage keeper against such mortgagee who has taken possession of the property under a writ of replevin where the garage keeper establishes a right to a lien.   A garage keeper has a lien on a chattel for the amount of the storage and services rendered to the chattel while in his possession and this lien is superior to the lien of the mortgagee.   The mortgagee is not, however, made personally liable to the garage keeper for the sum due from the owner of the chattel to the garage keeper.   The owner of the chattel who makes the contract may have a personal judgment rendered against him in a proper case, but this because of his contract to pay.   So far as the mortgagee is concerned the judgment may only impress a lien on the chattels for the amount due for services, storage, supplies, etc.

The entry of a personal judgment for a specified sum against the plaintiff in favor of the defendant Swanholm, therefore, is erroneous and ought to be reversed.

With respect to the right of the garage keeper to a lien on the theory that all these trucks were in his constructive possession, we have concluded that while there is nothing in the statement of facts upon which a mortgagee could be held to have acquiesced in the lienor's parting daily with the possession of the trucks, yet even in the absence of such acquiescence although the lienor parts with possession of a chattel where there is a promise of the owner to return it, such relinquishing of possession does not destroy the lien.   The legal rule enforcing such lien is based upon the statute which recognizes that consent to a parting with possession does not imply that the lien is lost where the nature of the bailment is such as to require the surrender of the chattel for the use of the owner.   The mortgagee here was not a party to the agreement between owner and garage keeper under any of the stipulated facts, but his sole power of seizure under his mortgage is to find the chattel out of possession of the lienor, otherwise he cannot seize it.   Continued possession of the chattel is no longer an essential for the maintenance of the lien under section 184 of the

Lien Law. The daily use of the chattel is not sufficient for the destruction of the lien against the owner, and the garage keeper may preserve his lien as against the mortgagee provided that at the time when the mortgagee attempts to seize the chattel it was in the constructive possession of the garage keeper.

It would seem that this case comes within the rule of *Johanns* v. *Ficke* (224 N. Y. 513), where the lien was upheld, although the possession of the chattels was constructive.

The personal judgment for money damages against plaintiff should, therefore, be reversed and judgment rendered establishing a lien on the four trucks in favor of the defendant Swanholm for the amount of his lien and awarding possession thereof to said defendant, with costs to the appellant.

Martin, J., concurs.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.