COMMERCIAL CREDIT CORPORATION, Appellant, *v.* JONAS PODHORZER Defendant, Impleaded with " JOHN DOE " (RALPH F. CASALO), the Name " John Doe " Being Fictitious, the Person Intended Being the Person in Possession of the Car, Respondent.

First Department, November 4, 1927.

Judgments — summary judgment — action in replevin to recover possession of automobile — respondent pleaded lien on automobile for value of gasoline, storage and towing — error to grant summary judgment on counterclaim, under Rules of Civil Practice, rule 113 — plaintiff should have opportinity of returning automobile or paying amount found due on lien.

It was error for the court to grant the defendant summary judgment under rule 113 of the Rules of Civil Practice on his counterclaim, setting forth a lien for gasoline, storage and towing, in this action in replevin to recover possession of an automobile which had been stored with the respondent by the conditional vendee. The plaintiff is entitled to proof as to the amount of the lien and to an opportunity to cross-examine witnesses on that question. It cannot be assumed by the court that the amount stated in the counterclaim is the amount due.

The judgment rendered should give the plaintiff a choice between returning the chattel or paying the amount of the lien.

APPEAL by the plaintiff, Commercial Credit Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of February, 1927, granting the motion of Ralph F. Casalo (" John Doe "), made under rule 113 of the Rules of Civil Practice, for summary judgment on his counterclaim, and also from a judgment entered in said clerk's office on the 23d day of February, 1927, pursuant to said order.

*Berthold Muecke, Jr.,* of counsel [*Dills & Towsley,* attorneys], for the appellant.

*Maurice Rosenthal,* for the respondent.

MARTIN, J. Plaintiff sues in a replevin action as assignee of a conditional bill of sale agreement dated July 20, 1926, covering one Chevrolet truck, to recover possession thereof and damages for its unlawful detention.

On July 20, 1926, the defendant Jonas Podhorzer purchased an automobile on the deferred payment plan. At the time of such purchase he executed a conditional sales contract by which legal title to the automobile remained in the vendor, or its assigns, until final payment of the twelve equal monthly installments.

The purchaser defaulted when the first installment became due

on August 20, 1926. Prior to that date the conditional vendor had sold and assigned the conditional sales contract to plaintiff. After the default plaintiff eventually in October, 1926, found the car in the garage of the defendant, respondent, Ralph F. Casalo, sued herein as "John Doe," from whom it was replevied by plaintiff on October 26, 1926. Podhorzer, the conditional vendee, though named as a defendant, was not served with the summons in this action and has not appeared.

The defendant, respondent, interposed an answer containing a counterclaim demanding an affirmative judgment against plaintiff, assignee of the conditional sales contract, for the sum of $120 and interest, it being alleged that said sum was due him for gasoline, storage and towing services furnished to said automobile at the instance and request of the alleged agent of the conditional vendee.

Issue was joined by plaintiff's reply. The defendant, respondent, made a motion under rule 113 of the Rules of Civil Practice for an order awarding said defendant summary judgment against plaintiff, appellant, on the counterclaim. This motion was granted and judgment was entered in favor of defendant, respondent, and against the plaintiff personally for the sum of one hundred and twenty dollars plus fourteen dollars and thirty cents costs and two dollars and forty cents interest.

The appellant points out that the garage keeper is asserting a lien, that the plaintiff is not personally liable and that the remedy is to realize on the lien, whereas there has been entered an ordinary money judgment against the plaintiff. (*Fidelity & Casualty Co. of N. Y.* v. *Peckett,* 220 App. Div. 118.)

Among other points we think the point is well taken that plaintiff in this particular case should have an opportunity to cross-examine the witnesses so that it may be able to determine what was furnished. It may not be assumed by the court that the amount sued for is due. The sum due on the lien must be proved.

In *Norwich Pharmacal Co.* v. *Barrett* (205 App. Div. 749) the court said: " Not every common-law action in assumpsit is within the purview of rule 113. (*Poland Export Corporation* v. *Marcus,* 204 App. Div. 302.) We think that these applications for summary judgment under that rule should not be extended beyond an action for debt or for one of those counts in *indebitatus assumpsit,* where the action is brought ' on an executed consideration for a fixed sum agreed to be paid for such execution.' (*Workman, Clark & Co., Ltd.,* v. *Lloyd Brazileno,* L. R. [1908] 1 K. B. 968, 978.) The action in question is one essentially for unliquidated damages and it has been held that the words ' debt or liquidated demand ' do not extend to unliquidated damages, whether in tort or in contract, even though

the measure of such damages be named at a definite figure. (*Knight* v. *Abbott*, L. R. [1882] 10 Q. B. D. 11; English Rules of the Supreme Court, order 3, rule 6; White, King & Stringer's The Annual Practice 1923, pp. 13, 16.)* We, therefore, conclude that this cause of action does not come within the rule permitting an application for summary judgment."

The judgment should also give the plaintiff a choice between returning the chattel and paying the amount of the lien.

The order and judgment should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.