MACCAR TRUCKS, INC., Respondent, *v.* SAMUEL GORENSTEIN, Doing Business under the Firm Name of the BERKSHIRE GARAGE, Appellant.

Supreme Court, Appellate Term, Second Department, October 31, 1930.

682

[REDACTED]

*Max Suskind*, for the appellant.

*Benjamin T. Juceam*, for the respondent.

PER CURIAM. Judgment unanimously reversed, upon the law, and new trial granted, with thirty dollars costs to defendant, appellant, to abide the event. The new trial is limited to the determination of the amount of defendant's lien. The court below apparently believed the defendant's claim that he had no knowledge of the sale of the truck by the plaintiff under its chattel mortgage, or of the seizure thereunder, and did not convert any of the personal property; and found that the plaintiff permitted the truck to be operated under the license and with the license plates and business name of the mortgagors, and that nothing was shown to defendant on March 28, 1930, by plaintiff to indicate that the truck had been sold to it under the mortgage. Presumptively, the truck was being operated on behalf of the mortgagors when their license plates were on it. Although because of the conceded default under the mortgage plaintiff had a right to take the truck, still it led the defendant to assume the truck was lawfully in possession of the mortgagors and cannot be heard to say that the defendant, who previously stored the truck, was not entitled to rely on the presumption and again store the truck.

It is not necessary to retry the issue as to the storage charges from March 28, 1930, for which it has been found defendant had a claim, or whether there was a default under the mortgage or whether defendant took the personal property. The new trial is limited to determining whether the defendant surrendered possession of the truck, as possession is defined by the cases; and if possession was not surrendered, what lien, in addition to that above mentioned, the defendant had for storage and gasoline and oil furnished from February 15 until March 8, 1930. The trial court proceeded on the theory that because the truck was permitted to leave the defendant's actual possession, notwithstanding the alleged agreement for its return to his garage, the lien was lost. The thirty-day provision of section 184 of the Lien Law (as amd. by Laws of 1929, chap. 28) is not applicable in this case. According to the proof the lien asserted was from February 15, 1930, up till March eighth.

The latter date was the day on which it was conceded the truck left the actual possession of the defendant. Section 184 of the Lien Law, when the thirty-day provision is not involved, grants a lien where the chattel is in the constructive possession of the garageman. (*Johanns* v. *Ficke*, 224 N. Y. 513; *Fidelity & Casualty Co. of New York* v. *Peckett*, 220 App. Div. 118.)

Present, CROPSEY, MACCRATE and LEWIS, JJ.