[C. A. No. 49. Appellate Department, Superior Court, City and County of San Francisco.—February 5, 1931.]

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, v. RUTH SILVA et al., Defendants; SIXTH STREET GARAGE, Respondent.

(1 Cal. Supp. 121.)

Wm. S. Downing and Philander B. Beadle for Appellant.

Edgar C. Levy and Marvin E. Lewis for Respondent.

JOHNSON, P. J.—This is an action in claim and delivery instituted by plaintiff on February 25, 1930, because of default in certain payments owing for a Hudson automobile, which had been delivered by plaintiff's assignor into the possession of the defendant Mrs. Ruth Silva pursuant to a contract of conditional sale made April 11, 1929.

Mrs. Silva, having the lawful possession of the automobile, kept it at the Sixth Street Garage, under an agreement with the proprietor that the storage charge should be at the rate of $6 per month, payable at the end of each month, together with charges for any supplies furnished and repairs made. All bills for storage, supplies and service up to September 16, 1929, were paid by Mrs. Silva; but between that time and the time of suit there were bills incurred by her for storage, supplies and repairs amounting to $66.10 which remained unpaid.

From the time when the storage began until December 25, 1929, Mrs. Silva was in the habit of taking the car almost daily from the garage, but always returned it at night. By reason, however, of the charges which had accumulated, the car was detained in the garage at all times after December

25, 1929, until it was seized in this action on February 26, 1930, by the sheriff, acting under a writ issued at the instance of plaintiff.

Before beginning suit, plaintiff tendered the garage-keeper the sum of $25 on February 20th; but the amount so tendered was refused and plaintiff was notified that the car was being detained, as authorized by section 3051 of the Civil Code, as security for payment of the accrued charge of $66.10.

Mrs. Silva having made no appearance in the action, and the defendant Sixth Street Garage having by its answer asserted its claim of lien, the trial court upon the evidence presented rendered judgment establishing a lien under section 3051 in favor of the defendant, Sixth Street Garage, for the sum of $66.10 with interest. From this judgment the plaintiff has appealed.

The question of law involved is the same as in the case of *Pacific States Finance Corp.* v. *Freitas et al., ante,* p. 757 [295 Pac. 804], this day decided by this court, namely, the question whether temporary conditional removal of an automobile, with consent of the garage proprietor, works destruction of a lien claimed under section 3051 of the Civil Code. It was decided in that case that when such temporary or periodic withdrawal is permitted, the automobile continues to be constructively in the possession of the keeper of the garage, and that his statutory lien is, therefore, not lost by reason of his parting conditionally with the physical possession.

The two cases are closely parallel in their facts. In this case there was a contract for storage, made with a conditional vendee in lawful possession, at an agreed rate payable monthly; in the other case mentioned a contract was made with the conditional vendee in January, 1929, for storage at a monthly rate with payment deferred to December 1, 1929. The duration of the credit granted is the only material feature distinguishing the one case from the other; and in principle the legal rights and remedies of the parties in both cases are the same.

Upon the reasoning contained in the opinion rendered in the case of *Pacific States Finance Corp.* v. *Freitas,* the judgment is affirmed.

Cabaniss, J., and Goodell, J., concurred.