Rockingham, }
June 1, 1937. }

COMMERCIAL ACCEPTANCE CORPORATION

*v.*

HISLOP GARAGE COMPANY.

*Jeremy R. Waldron,* for the plaintiff.

*John L. Mitchell,* for the defendant.

MARBLE, J. "Any person who shall, by himself or others, perform labor, furnish materials, or expend money, in repairing . . . any motor vehicle, under a contract expressed or implied with the legal or equitable owner, shall have a lien upon such motor vehicle, so long as the same shall remain in his possession, until the charges for such repairs . . . have been paid." P. L., c. 217, s. 36. Under this statute the garage man who repairs an automobile at the request of a conditional vendee has a lien thereon which, if preserved, takes precedence over that of the conditional vendor. *New Hampshire Finance Corp'n* v. *LaMarche,* 85 N. H. 205.

Continuous physical control of the property by a lienor is not in all cases a prerequisite to retention of the lien, and since the statute here invoked was designed "to enlarge the rights of those who perform work on motor vehicles" (*New Hampshire Finance Corp'n* v. *LaMarche, supra*), the phrase "so long as the same shall remain in his possession" should be liberally construed.

In the case of *Smith* v. *Marden,* 60 N. H. 509, 512, where the plaintiff claimed a lien on a cow for the charge of pasturage, *Doe,* C. J., declared: "The daily right of the owner to take the cow from the pasture, for a usual and proper purpose, is as consistent with a lien, as the daily right of a boarder to carry various articles of his baggage from his boarding-house. In neither case did the legislature intend to withhold all security from the creditor, or to deprive the debtor of all possession and use of his property."

By similar statutory construction it has been held that a garage keeper does not lose his lien for storage and supplies by permitting the owner to use the stored car from time to time. 15-16 Huddy, Automobile Law (9th *ed.*), *p.* 132, and cases cited in fifth cumulative supplement. Usually in such cases the "very nature of the bailment" presupposes "temporary release." *Pacific &c. Corp'n* v. *Freitas,* 113 Cal. App. 757, 769. This is not ordinarily true of course where a car is taken to a garage to be repaired. Nevertheless the mere temporary surrender of the car by the repairman may not under all circumstances be sufficient to terminate the lien.

Section 35 of chapter 217 of the Public Laws, which provides that the garage keeper shall have a lien for storage and care, contains the same phrase relating to possession as that contained in section 36. There is no reason to suppose that differing interpretations of the phrase were contemplated, and if the repairs are such that the owner may occasionally make use of the car during the progress of the work, the garage man who consents to such use under an agreement for the return of the car must be held to have preserved his lien as effectually as though the lien were for storage and care.

In the case of *Albemarle Supply Co.* v. *Hind*, L. R. [1928] 1 K. B. 307, a garage keeper's common-law lien was enforced against certain taxicabs for storage, supplies, and repairs furnished at the request of one Botfield, who had hired the cabs from the plaintiffs under hire-purchase agreements, so called. And this lien was held to continue even though the defendants allowed Botfield "to take the cabs out daily to ply for hire on condition that the cabs continued 'in pawn' and were returned to the garage each night." At page 318 Lord Justice *Scrutton* discusses this latter phase of the case as follows:

"The plaintiffs next contended that any lien was lost because the cabs went out of the possession of the garage each day to ply for hire. The defendant proved an agreement with Botfield at a time when the lien existed, that the cabs should go out for hire each day on the terms that they should be returned to the garage each night, the lien continuing while the cabs were in possession of the garage. I do not think any plying for hire under this agreement prevented the lien, if any, from continuing, and in my view repair of a damaged cab, though it may be described as 'maintenance', gave rise to a repairer's lien."

Under section 3051 of the Civil Code of California, which grants to garage keepers a lien "dependent on possession," it has been held that a conditional vendee's "temporary conditional removal of an automobile, with consent of the garage proprietor," does not, as against the conditional vendor, work destruction of a lien for storage, supplies, and repairs. *General Motors Acceptance Corp'n* v. *Silva*, 113 Cal. App. 773.

Section 184 of the lien law of New York has been similarly construed. *In re Carter*, 21 Fed. (2d.) 587, and cases cited; *Maccar Trucks* v. *Gorenstein*, 248 N. Y. Supp. 231.

Cases on the subject are collected in 4 Williston, Contracts, (revised *ed.*), *p.* 2963, where it is said: "In some jurisdictions statutes analogous to mechanic's lien acts give to the garageman a lien for

repairs, gasoline, storage and services even though the bailor is a mortgagor or a conditional sales vendee of the motor vehicle and in spite of the fact that the garageman, in allowing the bailor to make regular use of it, has failed to maintain a continuous possession.''

In the present case the defendant at no time surrendered control of the car unconditionally. On the contrary the agreement for its return evidences an insistence on the lienholder's rights. Under such circumstances we believe that the car remained in the defendant's possession within the meaning of the act.

*Judgment for the defendant for $403.09.*

All concurred.