SAMUEL J. ZIEGLER et al., Respondents, v. MANCUSO & ALESSIO, INC., Appellant.— Action by owners of real property against a broker employed to sell the property, based upon the failure of the broker to advise them, prior to the execution of a written contract for the sale thereof, of a higher offer. The action is brought to recover as damages the commissions paid by plaintiffs to defendant and the difference between the price for which the property was sold and the higher offer. Defendant appeals from so much of an order as (1) denied its motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint; (2) denied its motion to dismiss the first cause of action on the ground that it did not state facts sufficient to constitute a cause of action, and (3) denied without prejudice to renewal of its motion for leave to amend its answer to set up additional defenses. Appeal from that portion of the order denying, without prejudice to a renewal, defendant's motion for leave to amend its answer, dismissed, without costs, as academic. Moreover, in that respect the order is not appealable. (*Belfi* v. *International Commercial Corp.*, 277 App. Div. 787, and cases cited therein.) Order, insofar as it denied defendant's motion for summary judgment and to dismiss the complaint for insufficiency modified by striking from the second ordering paragraph the word " denied " and by substituting therefor the word " granted ", and as so modified affirmed, without costs, and with leave to plaintiffs, if they shall be so advised, to serve an amended complaint with respect to the first cause of action within ten days from the entry of the order hereon. The motion for summary judgment was properly denied. If it be assumed that the facts pleaded herein are sufficient to state a cause of action, the gravamen of plaintiffs' claim is the fraud alleged to have been perpetrated by defendant in the breach of the duty which it owed plaintiffs to obtain the highest possible price for the property sold, and to exercise the utmost good faith and loyalty in the performance of its duties. (Cf. *Wechsler* v. *Bowman*, 285 N. Y. 284.) Such a cause of action is not one of those specified in the nine numbered subdivisions of rule 113 of the Rules of Civil Practice, even if considered as involving a quasi-contractual obligation. (*Poland Export Corp.* v. *Marcus*, 204 App. Div.

302; *Commercial Credit Corp.* v. *Podhorzer*, 221 App. Div. 644.) Summary judgment may be obtained by a defendant in an action other than those specified (*Lederer* v. *Wise Shoe Co.*, 276 N. Y. 459), but in such case the defense must be founded upon facts established by documentary evidence or official record. Defendant has not pleaded the defenses of waiver, estoppel and accord and satisfaction, disclosed in its motion papers as the basis for its claim that plaintiffs should be denied the relief demanded in their complaint; and until such defenses are pleaded, there are no issues thereon and there is no reason or authority for the application of rule 113. It is not enough that defendant, as the moving party, shows that there might be defenses to the cause of action other than those alleged in the answer. (Cf. *Hallgarten* v. *Wolkenstein*, 204 App. Div. 487, 490–491, and *Wise* v. *Powell*, 216 App. Div. 618.) Moreover, the claimed defenses set forth in defendant's affidavit are not based upon facts shown by documentary evidence or official record. The first cause of action, however, does not state facts sufficient to constitute a cause of action. The facts alleged are insufficient to establish that defendant could have effected a sale of the property at a higher price, or that it violated its duty of good faith and loyalty in the performance of its duties. Neither are the facts alleged sufficient to establish that plaintiffs have suffered any damage as a result of defendant's alleged fraud. Insofar as plaintiffs seek to recover from defendant the commissions paid, the allegations of paragraph "THIRTEENTH" of the complaint are insufficient, if it was intended thereby to allege that the commissions were paid in ignorance of the fact that defendant had obtained a higher offer for the property, or that they were paid in ignorance of a breach of duty on the part of defendant which would have disqualified defendant to receive them. Insofar as plaintiffs seek to recover for the loss of the difference between the amount of the alleged higher offer and the amount which they received for the property, no facts are alleged which show that the alleged higher offer was bona fide, and that the unnamed prospective purchaser was ready, able and willing to consummate the sale at the higher price. (Cf. *Cohen* v. *Kohler*, 158 App. Div. 435; *Hellerman* v. *Weinbrot*, 276 App. Div. 763, and *Campel* v. *Carrier*, 277 App. Div. 772.) Neither does the complaint state a cause of action for breach of an express contract to communicate material facts concerning other offers for the property, and for the loss resulting therefrom. The conclusory allegations of paragraph "SIXTH" of the complaint are insufficient as a pleading of an agreement by defendant to disclose such facts, and the facts establishing the special damage claimed are not pleaded. (Cf. *Kraft* v. *Rice*, 45 App. Div. 569; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681, 687, and *Vanguard Military Equipment Corp.* v. *Schulein*, 266 App. Div. 912.) Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ., concur.