Louis L. Friedman, J.
Defendants move for summary judgment pursuant to rule 113 of the Rules of Civil Practice.
Plaintiff Contractors’ Export Processing Corp. (hereinafter sometimes referred to as Contractors) instituted this plenary action against defendants Industrial Laundry Machinery Co., Inc. (hereinafter sometimes referred to as Industrial) and New York Credit Men’s Adjustment Bureau, Inc. (hereinafter sometimes referred to as the assignee).
The complaint alleges in substance that plaintiff as a subcontractor performed work, labor and services and furnished materials to defendant Industrial on certain laundry machinery which Industrial had contracted to manufacture for the United *836 States Government, Bureau of Ships, Navy Department; that at a time when Industrial was insolvent, the latter called a meeting of creditors of which plaintiff received no notice and as a result of which plaintiff was not present at the meeting which was called. After the said meeting plaintiff, in the belief that Industrial was fully solvent, relinquished possession of the machinery upon which it had a lien for unpaid services rendered and materials furnished; that such relinquishment of possession by delivery to the United States Government was procured by the fraudulent acts of the defendant Industrial in that the latter purposely and intentionally failed to notify the plaintiff of the said creditors’ meeting, knowing full well that if plaintiff were to be advised of such meeting it would not release the equipment and that plaintiff would retain the machinery by reason of its lien thereon until it was paid.
After the said meeting and after the said delivery of the machinery to the United States Government, Industrial made an assignment for the benefit of creditors and all assets of Industrial were transferred and are now being held by the defendant assignee.
Plaintiff demands judgment against the defendants impressing a lien and trust and payment to it of the sum alleged to be due.
The answers of the defendants admit that a letter dated June 4,1956 was mailed by defendant Industrial to its creditors suggesting that a meeting be held on June 7, 1956 for the purpose of discussing the affairs of the corporation (Industrial) but otherwise generally deny the material allegations of the complaint. Each of the answers also contains an affirmative defense of res judicata.
The record herein indicates that heretofore Contractors made a motion in the assignment proceedings for an order directing the United States Government, Bureau of Ships, Navy Department, to hold and pay in full the sum of $4,967.04 due Contractors for work, labor and services rendered and materials furnished. The motion was granted in this court on the ground that the equitable lien of the plaintiff herein was superior to those of general creditors.
Upon appeal the Appellate Division reversed the order and denied the motion without prejudice to any right respondent (Contractors) may have to claim a preference upon a judicial accounting of the assignee (Matter of Industrial Laundry Mach. Co., 3 A D 2d 843).
Defendants urge that the aforesaid determination by the Appellate Division bars the instant action but the court cannot *837 agree with that conclusion. The Appellate Division stated: ‘ ‘ Those who furnish labor and materials may have an equitable claim to be paid ahead of general creditors [citing cases] which may arise from work done on personalty as well as realty. [Citing authorities.] However, such claim may be enforced only for the benefit of all creditors who furnished labor and materials, as a class, so that they may share pro rata in the available funds if there are not sufficient to pay them in full. Such claim may not be enforced by an individual creditor in that class, for his own individual benefit, since he may thus gain a preference as against others in Ms class. [Citing eases.]” (Italics supplied.)
It is obvious, therefore, that the rule enunciated by the Appellate Division is applicable to those in the same class, that is, laborers and materialmen who claim the equitable right to be paid ahead of general contractors. But in the case at bar plaintiff seeks to establish by this plenary action that it is not one of the class referred to by the Appellate Division. The lien which plaintiff may establish is an artisan’s possessory lien for work, labor and services and materials furnished. Such a lien may be established despite the fact that the physical possession of the property involved has been surrendered by the artisan if such surrender has been procured by fraud or trick.
The applicable rule of long standing was expressed in Bigelow v. Heaton (4 Denio 496, 498 [1847]) as follows: “ A relinquishment of possession by one who has a lien on property, is an abandonment of the lien. This, as a general rule, is entirely settled. By a transfer of the possession the holder is deemed to yield up the security he has by means of the custody of the property, and to trust only to the responsibility of the owner, or other person liable for the charge. (Cross’ Law of Lien, 4, 31, 36, 38, 258; Sweet v. Pym, 1 East, 4; Kruger v. Wilcox, Amb. 252; Picas v. Stockley, 7 C. & P. 587.) But if the party in whose favor the lien exists, is induced to surrender the possession of the property, by fraud or trick, the lien is not thereby divested. Upon this principle it was held, when this case was formerly before the court, that if the flour had been delivered to the defendant in consequence of his false and fraudulent promise to pay the freight as soon as the delivery was complete, such delivery did not amount to a waiver of the lien of the plaintiff, and he might, notwithstanding, maintain replevin against the defendant for the flour.”
The foregoing rule was reiterated in Johanns v. Ficke (224 N. Y. 513, 520 [1918]) where the court stated: “ The right to retain or detain property is exercisable only as to that possessed. *838 The property may, however, be possessed either actually or constructively. Its owner cannot destroy the possession of the lienholder by force, trick or fraud or against his will. (Bigelow v. Heaton, 4 Denio 496.)” And further recognized in Kamaran v. Sidney Garage (137 Misc. 744 [1930]).
In the light of the foregoing it is concluded that the plenary action herein is not barred by the determination of the Appellate Division referred to above.
The moving and opposing affidavits present triable issues of fact and the instant motion for summary judgment is, therefore, denied. Submit order.