Per Curiam.

Under the terms of the escrow agreement, the defendant undertook to procure an order from the Rent Commission increasing the maximum rent for the apartment in question. Implied in this agreement was a covenant on plaintiff’s part that he would deal fairly and act in good faith (Price v. Spielman Motor Sales Co., 261 App. Div. 626, 629; Kirke La Shelle Co. v. Armstrong Co., 263 N. Y. 79, 87). Since plaintiff, as the landlord, was the only person under the statute and regulations who could apply for such an order, and had refused to execute the necessary form, his conduct frustrated and prevented defendant’s performance. Under such circumstances defendant would be excused from performance (Williston, Contracts [Rev. ed., 1936], § 677; Patterson v. Meyerhofer, 204 N. Y. 96; Watson & Co. v. Graves Elevator Co., 202 App. Div. 10; Restatement, Contracts, § 295).
Defendant, however, is not entitled to summary judgment in the state of the pleadings (cf. Curry v. Mackenzie, 239 N. Y. 267; Ziegler v. Mancuso & Alessio, Inc., 283 App. Div. 813).
The order, insofar as it denies plaintiff’s motion for summary judgment, should be unanimously aErmed, without costs. Order, insofar as it denies defendant’s motion for summary judgment, modified by directing that the denial is without prejudice to a renewal thereof after service of an amended answer wherein defendant shall plead, as provided for by rule 92 of the Rules of Civil Practice, the conditions precedent which he claims plaintiff failed to perform; the amended answer is to be served within 10 days after entry of the order hereon.
Concur — Pette, Hart and Di Uiovanna, JJ.
Order aErmed, etc.