terms set forth in her proposal and in this decision. Beldock, Ughetta and Brennan, JJ., concur; Nolan, P. J., and Pette, J., dissent and vote to affirm.

PARAMOUNT PICTURES THEATRES CORPORATION, Respondent, v. ROYSTER DRIVE-IN THEATRES, INC., et al., Appellants, et al., Defendants.—

The moving defendants offered no reasonable excuse for their neglect in failing to answer, nor for their delay in moving to open their default. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

PARAMOUNT PICTURES THEATRES CORPORATION, Respondent, v. ROYSTER DRIVE-IN THEATRES, INC., et al., Appellants, et al., Defendant.—

Plaintiff's motion, made in January, 1959, was apparently adjourned from time to time until 1961, when it was decided. At the time when the motion was made the said defendants' answer consisted of denials of certain allegations of the complaint and two affirmative defenses. Prior to the hearing and determination of the motion, however, said defendants served, and plaintiff accepted two amended answers, the first of which contained allegations apparently intended as a defense and counterclaim, and the second of which pleaded facts designated as a complete defense and counterclaim, and contained a demand for a judgment against respondent in the sum of $250,000. The learned County Judge granted plaintiff's motion on the ground that a judgment in the Federal court and a judgment in another foreclosure action in the Supreme Court, Westchester County, were *res judicata,* and consequently barred the prosecution of the counterclaims. In our opinion, this determination may not be sustained. The facts which the County Court found sufficient to defeat the counterclaim contained in said defendants' second amended answer, had not been pleaded by plaintiff by way of a reply to the counterclaim; and in the absence of a reply summary judgment could not be granted to plaintiff, dismissing defendants' counterclaim (cf. *Krohn* v. *Steinlauf,* 11 A D 2d 695; *Ziegler* v. *Mancuso & Alessio,* 283 App. Div. 813). Moreover, the affidavits submitted in support of the plaintiff's motion were insufficient to establish that there is no defense to the action, as required by rule 113 of the Rules of Civil Practice; or to establish that the second amended answer was sham or frivolous, as required by rule 104 of the Rules of Civil Practice. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FASANO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE MONACO, Appellant.—