Jerome B. E. Wolff, J.
The plaintiff as mortgagee held a chattel mortgage on the farm machinery owned by a Mr. and Mrs. Maynard Hall, mortgagors. The mortgagors defaulted in their payments and the chattel mortgage was foreclosed. It was decided by the plaintiff that all the farm machinery be sold at a public auction. It was also determined by the plaintiff that prior to the auction some of the machinery should be repaired in order to enhance its value at the auction. Therefore, the plaintiff ordered that Mr. Hall deliver some of the machinery to the defendant for repair work. The plaintiff had conversations with the defendant as to the approximate amount of the repair bill and when the repairs were completed, requested to be notified and they would pay for the repairs. When the plaintiff was notified that the total bill was in the amount of $224.16 they proceeded to the defendant’s place of business to pay the bill and pick up the equipment. When they arrived, the defendant refused to deliver the farm machinery unless the $224.16 was paid and also demanded the sum of $875.84 for repairs made to the machinery approximately two years ago. The plaintiff tendered the amount of $224.16, but the defendant refused to relinquish possession of the equipment until the additional sum of $875.84 was paid or the plaintiff agreed to deduct this amount from the proceeds of forthcoming auction. The plaintiff subsequently after the auction replevied the machinery and it was sold at a later auction.
The plaintiff now asserts that it should be compensated for damages and the defendant has interposed a counterclaim for all repairs requested by the plaintiff and the other repairs made in the period of 1958 to 1959.
*849 The question to be determined is whether the artisan’s lien pursuant to section 180 of the Lien Law can reattach itself to the equipment after it has left the possession of the defendant.
The defendant knew of the foreclosure by the plaintiff and the forthcoming auction. There is no claim, nor has there been any testimony as to possible fraud or trickery practiced upon the defendant as in the case of Contractor’s Export Processing Corp. v. Industrial Laundry Mach. Co. (8 Misc 2d 835) wherein the lienor was deceived into relinquishing possession.
Counsel for the defendant contends that the defendant has constructive possession at all times pursuant to an agreement between the defendant and Maynard Hall. The testimony revealed that Mr. Hall had agreed with the defendant that he owed the sum of $875.84 and that the defendant had liens on the machinery subject to the removal of the equipment for use on the farm. The machinery was repaired over a period of years and removed from the premises of the defendant.
If this agreement was known by the plaintiff and the plaintiff acquiesced or participated in this agreement, then this case could have been decided upon an equitable theory as set forth in Johanns v. Ficke (224 N. Y. 513) wherein all the parties knew of the lien and an agreement between the owner and the lienor.
In the cases of Maccar Trucks v. Gorenstein (139 Misc. 681) and Fidelity & Cas. Co. of N. Y. v. Peckett (220 App. Div. 118) constructive possession was established. Both of these cases, however, dealt with section 184 of the Lien Law and the daily use of vehicles. Sterling Motor Truck Co. v. Lavan (260 N. Y. 43) is also in point.
In the instant case section 184 of the Lien Law does not apply, since the machinery in question does not come within the definition of section 125 of the Vehicle and Traffic Law which excludes a tractor. Furthermore, the owner did not use the equipment and return it upon a constant or daily basis.
Section 180 of the Lien Law was derived from section 70 of the Lien Law, “ This is, in effect, declaratory of the common law ” (Smith v. O’Brien, 46 Misc. 325, 327, affd. 103 App. Div. 596).
To paraphrase section 180 of the Lien Law in respect to this case, the lien attaches to the property Avhile in the lawful possession of the lienor for repairs made and the lienor has the right to retain the property until the charges are paid.
The defendant had a lien upon the equipment for the $224.16, but when the said amount was tendered there was no longer a lien. The retention of the property for past repairs approximately two years ago was not lawful, since a lien did not exist *850 because the defendant had relinquished his lien when he allowed Mr. Maynard Hall to return the machinery to his farm.
Therefore, the retention of the property by the defendant after the tendering of the current repair charges was unlawful and amounted to a conversion of the property and resulted in consequent damages to the plaintiff. The plaintiff was under no legal obligation to accede to any agreement with the defendant.
At the trial, the plaintiff introduced evidence as to expenses and disbursements caused by the refusal of the defendant to relinquish the property and also the expenses attendant upon this action.
Judgment is hereby granted to the plaintiff against the defendant in the amount of $410 for damages together with $25 costs and the counterclaim of the defendant against the plaintiff is hereby allowed only to the amount of $224.16, without interest or costs.