David F. Lee, Jr., J.
The defendant First Trust & Deposit Company moves for an order dismissing the complaint and for summary judgment.
The motion, pursuant to CPLR 3212, is ‘1 upon the ground that there is no merit to the cause of action alleged in the complaint herein and that the action may not be maintained because of collateral estoppel ’ \
The facts are, briefly, as follows: Plaintiff purchased siding materials from the defendant New York State Supply Corp., and he subsequently received a notice from the defendant First Trust & Deposit Company advising him that it was the purchaser of plaintiff’s obligation, and that there was due and owing $1,186.80 payable In 60 installments. Plaintiff alleges that the materials were insufficient in quantity, and that the retail sales contract when signed was incomplete, not negotiable, and void for failure to comply with Retail Instalment Sales Act (Personal Property Law, art. 10). He alleges that he did not knowingly execute or deliver any receipt, completion certificate or note for the amount demanded. In this action plaintiff seeks judgment declaring the nullity of said alleged contract or obligation and directing that the writings be delivered up for cancellation.
After the present action was commenced the defendant First Trust & Deposit Company commenced an action in Supreme Court, Onondaga County against the plaintiff on the promissory note. The plaintiff in the instant action, defendant in the Onondaga County action, interposed the same allegations as defenses as those on which he now relies as plaintiff. Mr. Justice McClusky granted summary judgment to First Trust & Deposit *464 Company holding that it was a holder in due course, that the defenses were improper in that action, and " The so-called defenses have no merit.”
The plaintiff urges " that res judicata may not be asserted in support for a motion for summary judgment or to dismiss the complaint where such defense was not pleaded affirmatively in the answer ” (citing Moon v. Tollefen Bros., 14 A D 2d 520; Grande v. Torello, 12 A D 2d 937). Neither collateral estoppel nor res judicata is pleaded in the answer. The answer was verified and served before summary judgment was granted in the Onondaga County action.
‘1 A defense consisting of new matter must be pleaded and summary judgment may not be granted to a defendant dismissing the complaint upon the basis of such a defense unless it is pleaded in the action. (Krohn v. Steinlauf, 11 A D 2d 695, 696; Ziegler v. Mancuso & Alessio, 283 App. Div. 813.) Although summary judgment must be denied to a plaintiff if the motion papers disclose a meritorious defense, although unpleaded, summary judgment cannot be granted to a defendant on an unpleaded defense. (Raymond Car Sales v. Motor Wholesalers, 28 Misc 2d 1, 5.) ” (Furlo v. Cheek, 20 A D 2d 939.)
The instant motion is made pursuant to CPLR 3212. " The motions under CPLR 3211 and 3212 are closely related. * * * The major difference between the two rules is that a motion under 3211 is made before answer, while the summary judgment motion may not bo made until 1 after issue has been joined.’ ” (4 Wcinstcin-Korn-Miller, N. Y. Civ. P'rac., par. 3212.02.) CPLR 3211 (subd. [e]) provides, in part: "Any objection or defense based upon a ground set forth in subdivision (a) is waived unless raised either by such motion or in the responsive pleading”. Collateral estoppel and res judicata are included in CPLR 3211 (subd. [a], par. 5). CPLR 3018 (subd. [b]) governs the pleading of affirmative defenses.
We are here confronted with a situation in which the defense of collateral estoppel was not available to the defendant at the time its answer was drafted and served, but has since then become available to it, and the affirmative defense is not pleaded. No case or other authority has been called to the court’s attention which provides a rule or practice procedure in this instance different than where the affirmative defense was available to a defendant at the time the answer was prepared and served. Though CPLR 104 provides: 1 ‘ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding,” the court is constrained to conclude that the motion for summary *465 judgment on the ground of collateral estoppel should be denied.
The defendant First Trust & Deposit Company further moves for summary judgment upon the ground that there is no merit to the canse of action alleged in the complaint. CPLR 3212 (subd. [b]) provides that summary judgment shall be granted if, upon the papers and proof submitted, “ the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.”
Parenthetically, it should be noted that an exception set forth in CPLR 3211 (subd. [e]), with reference to objections or defenses that are waived unless raised in the responsive pleading, is paragraph 7 of subdivision (a), that “ the pleading fails to state a cause of action ”.
The papers submitted upon this motion do not show facts sufficient to require a trial of any issue of fact as to the defendant First Trust & Deposit Company.
The motion of defendant First Trust & Deposit Company to dismiss the complaint as to it, and for summary judgment should be granted, without costs.