ASSOCIATES COMMERCIAL
CORPORATION,
Plaintiff-Appellant,

v.

William J. FRANCISCO and wife, Penny
Francisco, and John Barb,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Dec. 9, 1983.

Permission to Appeal Denied by
Supreme Court April 2, 1984.

James A. Matlock, Jr., and Gene A. Stanley, Jr., Knoxville, for plaintiff-appellant.

David S. Haynes, Bristol, for defendants-appellees.

OPINION

FRANKS, Judge.

Defendant, John L. Barb's artisan's lien was determined by the chancellor to be superior to plaintiff's security interest in a 1977 Peterbilt truck tractor, owned by W.J. Francisco. Plaintiff has appealed.

In June, 1981, plaintiff financed for Francisco the purchase of the tractor-trailer and perfected its security interest by a notation on the certificate of title. Subsequently, Francisco ordered repairs by defendant, Barb, who made certain repairs but subcontracted some repairs to other repairmen.

Barb retained possession of the tractor following the repairs and asserted a common law and statutory mechanic's lien. While the tractor was in Barb's possession he used it in his trucking business. The chancellor determined Barb had driven the tractor 35,000 miles while it was in his possession, and the issue as to the value of this usage was referred to the master, who determined the value to be $3,500.00. This amount was affirmed by the chancellor who reduced Barb's lien by this amount, ordered the tractor sold and Barb's lien first satisfied from the proceeds of sale.

■■ In order to retain priority over a previously perfected security interest, the repairman must retain possession of the property. *Forrest Cate Ford, Inc. v. Fryar,* 62 Tenn.App. 572, 465 S.W.2d 882 (1970). In this regard, plaintiff insists that Barb relinquished possession within the meaning of the lien when he turned the tractor over to other mechanics for repairs. It is generally held that constructive possession preserves an artisan's lien, as where the vehicle is permitted to leave the repairman's actual possession under an agreement for its return. 61A C.J.S., *Motor Vehicles,* § 747(1); *Maccar Trucks v. Gorenstein,* 248 N.Y.S. 231, 139 Misc. 681 (App.Div.1930). We hold that Barb maintained constructive possession of the tractor while permitting others to make repairs in furtherance of Barb's obligation.

Plaintiff also argues Barb's use of the tractor amounted to a conversion and that a lien may be waived by wrongful conversion of the property by the lienor, citing 53 C.J.S., *Liens,* § 17(4). The statement in C.J.S. is based on an old California case,

*Williams v. Ashe,* 111 Cal. 180, 43 P. 595 (1885). However, the modern California rule discussed in *Gardena Valley Airport, Inc. v. All American Sports Enterprises,* 230 Cal.App.2d 478, 41 Cal.Rptr. 93 (1964), is stated thusly: In order for a lien to be extinguished by wrongful conversion, the lienholder must commit some act inconsistent with the continuance of the lien equivalent to its denial or repudiation. The court further stated that an act done to preserve and protect the collateral, so that it will remain subject to the lien, is not a wrongful conversion.[1]

■■ The evidence does not establish a waiver of the lien in the instant case and, unlike some jurisdictions, no provision is made in our lien statutes to extinguish the lien by operation of law where the lienholder converts the property to his own use. *See* 51 Am.Jur.2d, *Liens,* § 44; *Wilson Motor Co. v. Dunn,* 129 Okl. 211, 264 P. 194 (1928).

■■ Finally, plaintiff argues "there is no material evidence to support" the report of the special master which was approved by the trial judge. The evidence before the special master consists of three witnesses experienced in truck rentals. Their opinions of the reasonable rental value of Barb's use varied greatly, ranging from $1,600.00 to $9,100.00. The findings of fact by the master, concurred in by the chancellor, are conclusive on this appeal if supported by material evidence. *Glenn v. Gresham,* 602 S.W.2d 256 (Tenn.App.1980). While no witness testified to the exact amount of damages awarded by the special master, the trier of fact is not required to base damages on a precise mathematical formula or find in the exact amount of expert opinion but may take into consideration his ordinary experiences as to what damage has been caused to the plaintiff. *See High v. Lenow,* 195 Tenn. 158, 258 S.W.2d 742 (1953). The award of damages is supported by material evidence.

---

1. Barb testified that on the advice of counsel he kept the tractor with him at all times because he feared the vehicle would be taken without his permission. This would not appear to be necessary since a possessory lienholder does not lose his lien where a property is taken from his possession without his consent. 53 C.J.S., *Liens,* § 17(3).

For the foregoing reasons we affirm the judgment of the chancellor and remand the cause, with the cost incident to the appeal assessed to appellant.

PARROTT, P.J., and SANDERS, J., concur.