**Figueroa v Yagudaev**

2020 NY Slip Op 35565(U)

September 4, 2020

Supreme Court, Bronx County

Docket Number: Index No. 33227/2018

Judge: Lucindo Suarez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 19

Mtn. Seq. # 2

RAFAEL FIGUEROA,

Index No.: 33227/2018

Plaintiff,

- against -

IRENE YAGUDAEV, SOLOMON YAGUDAEV,
APS ELECTRIC INC., GIRON CONTRACTING INC.,
INCLINATOR ELEVETTE CO. OF NEW YORK, INC.,
NEW YORK PLUMBING WORKS, INC., R.C.M
ELECTRIC CORP. and SAL D. AMICO
CONSTRUCTION INC.,

Defendants.

**DECISION and ORDER**

IRENE YAGUDAEV and SOLOMON YAGUDAEV,

Third-Party Plaintiffs,

- against -

NRG MAGIC CONSTRUCTION,

Third-Party Defendant.

PRESENT: Hon. Lucindo Suarez

The issue in Defendant Giron Contracting Inc.'s ("Giron") summary judgment motion is whether it is entitled to a dismissal of Plaintiff's complaint. This court finds in the negative.[1]

Plaintiff's complaint asserts claims for common law negligence and Labor Law §§200, 240(1), and 241(6) due to injuries he purportedly sustained on October 2017, as a result of

---

[1] This court finds that Giron's application for dismissal pursuant to CPLR §3211(a)(1) was impermissibly asserted since Giron filed its answer prior to filing the instant motion. *See* CPLR §3211(e); *see also Brotherton v. NY State Supply Corp.,* 48 Misc. 2d 463, 264 N.Y.S.2d 1005 (Sup. Ct. Tompkins County 1965). Therefore, this court will consider the instant application solely as motion for summary judgment under CPLR §3212.

[* 1]

construction work he was engaged in at the property owned by Defendants Irene Yagudaev and Solomon Yagudaev (collectively "owners").

The crux of Giron's argument for dismissal is that Giron was not involved with Plaintiff's injury-producing work as its contracted work did not begin for over a year after the date of loss. Giron buttresses its argument by attaching a printout of a New York City Department of Buildings' ("DOB") work permit, which was issued to Giron on February 21, 2019. Further, Giron attached its contract with the owners, which was fully executed on January 15, 2019, and provided the scope of the construction work to be completed.

In addition, Giron attached an affidavit from its President, Daniel Kaykov, who averred that the owners hired Giron as the general contractor to replace the previous general contractor Third-Party Defendant NRG Magic Construction ("NRG Magic"). Mr. Kaykov further averred that Giron did not begin its contracted work at the subject property until February 2019, approximately sixteen months post Plaintiff's accident. Lastly, Mr. Kaykov verified both DOB's work permit and the contract Giron entered into with the owners.

Plaintiff counters by arguing that Giron's summary judgment motion is premature as discovery is not complete as Giron has not been deposed. In addition, Plaintiff contends that Giron's deposition is necessary in order for Plaintiff to establish that Giron was actually the "alter ego" of NRG Magic who was the general contractor at the time of Plaintiff's accident. Furthermore, Plaintiff attaches his affidavit wherein he avers that: (1) on the day of loss he was working for NRG Magic; (2) Giron's President, Mr. Kaykov, hired Plaintiff to work for NRG Magic; and (3) Mr. Kaykov was his primary supervisor throughout his employment with NRG Magic who Plaintiff reported to daily at the subject property. Further, Plaintiff believes that Giron and NRG Magic are family owned businesses and that when it became apparent that NRG

2

[* 2]

Magic was going to be a party to this lawsuit NRG Magic dissolved it corporate status, and placed Giron in its stead as general contractor for the subject property.

Moreover, Plaintiff assails Giron's documentary evidence by arguing that Giron's contract with the owners was not in admissible form as Mr. Kaykov's affidavit did not adequately lay down the foundation to qualify the contract in admissible form. Furthermore, Plaintiff contends that the DOB work permit does not conclusively establish Giron's defense that it was not present at the subject property at the time of loss since the work permit indicated that it was reissued and Giron failed to explain why. Lastly, Plaintiff argues that he served Giron with a notice to admit that went unanswered, therefore, he contends that it is an admitted fact that Mr. Kaykov had a relationship with NRG Magic, and that Mr. Kaykov was present on the day of loss.

In reply, Giron concedes that Mr. Kaykov was in fact employed by NRG Magic, and that he was Plaintiff's supervisor at NRG Magic. However, Giron contends that those facts are immaterial and do not have any bearing on its defense to this action. Moreover, Mr. Kaykov also admitted in his reply affidavit that the principal to NRG Magic was his father, Solomon Kaykov. In addition, Giron attempts to explain why the DOB work permit indicated that it was reissued. Moreover, Giron takes issue with the manner that Plaintiff served the notice to admit as Giron claims that it never received it due to the Covid-19 pandemic.

Lastly, Giron argues that Plaintiff's "alter ego" theory must fail on two grounds: (1) if the "alter ego" legal theory is proven Giron would be considered Plaintiff's employer, thereby, barring Plaintiff from maintaining this action against it; and (2) that the "alter ego" legal theory was not specifically plead in Plaintiff's complaint, therefore, it is not a triable issue of fact that precludes summary judgment.

3

[* 3]

This court finds Giron's arguments unpersuasive. This court finds that the instant motion summary judgment motion is premature as key depositions have not occurred namely that of Mr. Kaykov. *See 241 Fifth Ave. Hotel, LLC v. GSY Corp.,* 110 A.D.3d 470, 973 N.Y.S.2d 129 (1st Dep't 2013). This court further finds that there are triable issues of fact concerning the relationship between NRG Magic and Giron as Plaintiff established that there is significant overlap between the corporations. *Id.*[2]

Accordingly, it is

ORDERED, that Giron's summary judgment motion is denied.

This constitutes the decision and order of the court.

Dated: September 4, 2020

Hon. _____
LUCINDO SUAREZ, J.S.C.
LUCINDO SUAREZ, J.S.C.

---

[2] This court finds that Giron's request for sanctions is meritless. Plaintiff's complaint against Giron was not "completely without merit in law". Therefore, sanctions under 22 NYCRR §130-1.1 are unwarranted. *See Retina Assoc. of Long Is., P.C. v. Rosberger,* 299 A.D.2d 533, 751 N.Y.S.2d 50 (2d Dep't 2002).

4

[* 4]